IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VISHWA P. SRIVASTAVA et al.   *
                              *
v.                            *   Civil Action No. WMN-12-1240
                              *
FIREMAN'S FUND INSURANCE CO.  *
                              *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Plaintiffs Vishwa and Savitry Srivastava, proceeding pro se, initiated this action in the Circuit Court for Howard County, Maryland on or about January 30, 2012, when they filed their "Motion to File Complain (sic) for Breach of Contract & Fraudulent Collusion to Defraud the Petitioner." ECF No. 2. Defendant Fireman's Fund Insurance Co. (Fireman's Fund)[1] removed the action to this Court on or about April 24, 2012, on the basis of diversity jurisdiction. On that same date, Fireman's Fund also filed a motion to dismiss, ECF No. 6, and a counterclaim for declaratory judgment. ECF No. 7. On May 11, 2012, pro se Plaintiffs filed a collection of pleadings and exhibits that respond to the motion to dismiss, and perhaps to

---

[1] Two other Defendants are identified in the Complaint, Associated Indemnity Corporation and Paul A. Susol, d/b/a Paul A. Susol Construction Company. There is nothing in the docket to indicate that these Defendants were ever served with the Complaint.

the notice of removal.[2]  ECF No. 13.  Fireman's Fund responded in turn with a motion to strike the Plaintiffs' response.  ECF No. 14.

Turning first to Fireman's Fund's motion to strike, Fireman's Fund's chief complaint is that Plaintiffs' filing fails to conform to the dictates of the Federal Rules of Civil Procedure regarding motions.  While Plaintiffs' submissions are captioned as "motions," the Court considers them more in the nature of simply opposing Fireman's Fund's motion to dismiss.  As such they are sufficient and the motion to strike will be denied.

Turning to the motion to dismiss, the Court finds that, while the Complaint is certainly not a model of clarity, the nature of Plaintiffs' claims can be readily discerned by considering the allegations in the Complaint in conjunction with the attached exhibits.  It is alleged that Plaintiffs' residence suffered extensive water damage from an event that took place on January 31, 2009.[3]  Plaintiffs also alleged that their residence

---

[2] Plaintiffs included a pleading captioned, "Request for Discarding the Defendants' Notice of Removal" and avers that the notice of removal was "based on false grounds to mislead the Court," but they never actually challenge this Court's diversity jurisdiction over their claims.  To the extent Plaintiffs' pleading includes a motion to remand, it would be denied.

[3] While the Complaint does not specify the cause of the water damage, Fireman's Fund's Counterclaim discloses that the damage was caused by a broken water pipe.

was insured by Fireman's Fund at the time and that Fireman's Fund supervised, controlled and directed the cleanup and reconstruction process.  Plaintiffs aver that the cleanup was done improperly and in an untimely manner, thus adding to the damage to the residence.  Of particular concern is mold that has developed in the structure as a result of insufficient remediation.  In addition, Plaintiffs alleged that they have yet to be fully compensated for their losses under the terms of their insurance policy.

In moving to dismiss the Complaint, Fireman's Fund suggests that the Complaint is "so convoluted and vague" that it is impossible to discern the nature of Plaintiffs' claims and, thus, the Complaint should be dismissed with prejudice.  ECF No. 6-1 at 3.  Fireman's Fund also argues that, to the extent Plaintiffs' reference in the Complaint's caption to "Fraudulent Collusion to Defraud" is an attempt to assert a claim for fraud, the Complaint fails to meet Rule 9(b)'s heightened pleading standard for such claims.  Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . .").

The Court finds that the Complaint is sufficient to state a claim for breach of the insurance contract.  The Complaint includes reference to the existence of the insurance contract, a breach of that contract, and damages caused by that breach.

That Fireman's Fund responded to the Complaint with a counterclaim seeking a declaratory judgment that it did not breach the terms of the insurance policy indicates that the Complaint was more than sufficient to put Fireman's Fund on notice as to the claim asserted against it.

The Court agrees, however, that the Complaint fails to meet the pleading standard of Rule 9(b) as to the purported fraud claim.  Under that standard, a plaintiff must plead with particularity the time and place the misrepresentations were made, the contents of those representations, the identity of the individual making the misrepresentation, what the individual making the misrepresentation gained from making it, and that the aggrieved party reasonably and detrimentally relied on those misrepresentations.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).  This particularity is absent from the Complaint.

For these reasons, Fireman's Fund's motion to dismiss will be granted in part and denied in part.  While Plaintiffs' breach of contract claim will be permitted to go forward, their fraud claim will be dismissed.

The Court would typically at this juncture issue a scheduling order so that discovery and other pretrial procedures can go forward.  The Court, however, received a letter from Plaintiffs on August 27, 2012, indicating that they were going

overseas for several months to attend to urgent matters and requesting "90 days to respond to any matters that may be necessary."  ECF No. 15.  The Court also notes that there is nothing in the record to show that the remaining two Defendants have been served in this action.

The Court deems Plaintiffs' August 27, 2012, letter as a request for a 90 day stay of all proceedings. The Court, however, will permit Fireman's Fund ten days from the date of this Memorandum and Order to respond to that request.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: August 29, 2012